DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court that found appellant guilty of one count of failure to yield the right of way in violation of Toledo Municipal Code 331.20. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth two assignments of error: *Page 2 
 {¶ 3} "1. The Court abused its discretion when it reviewed, considered and admitted the police report made at the scene of the accident on its own motion after both parties had rested and the Appellant was denied her right to confrontation concerning the report in violation of theSixth and Fourteenth Amendments to the United States Constitution and the Ohio State Constitution.
 {¶ 4} "2. The Trial Court's decision that the Defendant was guilty beyond a reasonable doubt was against the manifest weight of the evidence properly presented at trial."
 {¶ 5} On June 28, 2007, appellant attempted to make a left turn onto eastbound Monroe Street in Toledo and collided with Keetha Kemp as Kemp was proceeding in the westbound lane. Appellant was cited for failure to yield the right of way when entering a highway from a place other than another roadway. The matter proceeded to a bench trial on October 2, 2007. After hearing testimony from appellant and Kemp, the trial court found appellant guilty of the charge and fined her $100 plus court costs.
 {¶ 6} In her first assignment of error, appellant asserts that the trial court erred by viewing and considering the police report from the accident. The record reflects that at the close of evidence, the judge asked counsel if there was a police report in the file. The judge then looked at the report, which had not been admitted into evidence, and found appellant guilty of the offense charged. When defense counsel objected to the judge considering the report, the judge mentioned that counsel had cross-examined the victim about statements contained in the report. The judge then indicated that he would not *Page 3 
consider either the report or the related cross-examination, and that his ruling would remain the same.
 {¶ 7} The Supreme Court of Ohio has held that "`* * * in a bench trial in a criminal case the judge is presumed to have considered only relevant, material and competent evidence in arriving at its judgment, unless it affirmatively appears to the contrary.'" State v. Post (1987),32 Ohio St.3d 380, 384, citing State v. White (1967), 15 Ohio St.2d 146,151.
 {¶ 8} We have carefully reviewed the transcript of appellant's trial as summarized above, as well as the relevant law. We find no indication that the judge improperly considered the police report in reaching its decision. In accordance with Post, supra, we presume that the judge considered only relevant, material and competent evidence. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 9} In her second assignment of error, appellant asserts that the trial court's ruling was against the manifest weight of the evidence. In determining whether a verdict is against the manifest weight of the evidence, the appellate court "weighs the evidence and all reasonable inferences, and considers the credibility of witnesses." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. The court then makes a determination as to whether, in resolving conflicts in the evidence, the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. *Page 4 
 {¶ 10} The state presented Kemp's testimony that the collision occurred as she was driving westbound on Monroe Street. Kemp testified that appellant pulled out of a driveway on Monroe Street and attempted to turn left, crossing in front of Kemp. This caused the front end of Kemp's car to hit appellant's car on the driver's side. Appellant testified that as she was pulling onto Monroe Street, she saw Kemp's car behind a van in the curb lane and believed she had enough time to pull out and make her turn. Appellant stated that Kemp pulled out from behind the van just as she was pulling onto the roadway. She further testified that Kemp struck her car after she had made her turn into the eastbound lane.
 {¶ 11} The trial court in this case weighed the state's evidence as summarized above and assessed the witnesses' credibility in determining whether appellant committed the offense. After reviewing the evidence in this case, we cannot say that the trier of fact lost its way and created a manifest miscarriage of justice by finding appellant guilty of violating Toledo Municipal Code 331.20. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 12} Upon consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County. *Page 5 
 {¶ 13} Appellant was found guilty of violating Toledo Municipal Code § 331.21, "Driving onto roadway from place other than roadway; duty to yield," which states that "[t]he operator of a vehicle about to enter or cross a highway from any place other than another roadway shall yield the right of way to all traffic approaching on the roadway to be entered or crossed except as otherwise provided by a traffic control device."
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1